UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES WEINSCHENK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02133-JPH-MPB |
| | ) *SEALED* |
| | ) |
| DUSTIN DIXON, | ) |
| MICHAEL A. CASATI Judge, | ) |
| COMMUNITY HEALTH NETWORK, | ) |
| HAMILTON COUNTY SHERIFF'S OFFICE, | ) |
| | ) |
| Defendants. | ) |

**ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Charles Weinschenk moved for default judgment on October 29, 2020. Dkt. 17. However, "there are two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Intern., Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). Here, the clerk has not entered default under Federal Rule of Civil Procedure 55(a), so judgment would be inappropriate. *See id.*

Furthermore, under Rule 55(a), the Clerk "must enter" default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Here, as the defendants point out in their joint objection to default judgment, Mr. Weinschenk filed this motion for default judgment even though the defendants timely filed their answers. Dkt. 18 at 2. Therefore, there is no basis for entry of default in this matter. Mr. Weinschenk's motion for default judgment is **DENIED.** Dkt. [17].

1

Mr. Weinschenk has also moved for reconsideration of the denial to proceed under seal. Dkt. [21].

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996). Mr. Weinschenk does argue that his motion meets either of these purposes. Dkt. 21. He merely points out that "[t]he intent was to force a settlement" and alludes to "recent revelations." *Id.* at 1.

Mr. Weinschenk states that "[a]llegations in other matter are now known to include this matter," dkt. 21 at 1, and attaches various exhibits to his motion. He has not shown, however, that this evidence is "newly discovered," and, even if it is, it is not clear how this evidence constitutes "good cause" for why this matter should be sealed. Fed. R. Civ. P. 26. A motion to seal "has no prospect of success" unless it analyzes "in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002).

For these reasons, Mr. Weinschenk's motion for reconsideration is **DENIED**. Dkt. [21]. The clerk is **DIRECTED** to unseal the cause.

**SO ORDERED.**

Date: 12/22/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES WEINSCHENK
20040 Wagon Trail Drive
Noblesville, IN 46060

Bryan Findley
INDIANA ATTORNEY GENERAL
bryan.findley@atg.in.gov

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Donald B. Kite, Sr.
don.kite@gmail.com

Joseph D. McPike, II
ZEIGLER COHEN & KOCH
jmcpike@zcklaw.com