UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHARLES WEINSCHENK, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:20-cv-02133-JPH-MPB |
| DUSTIN DIXON, COMMUNITY HEALTH NETWORK, HAMILTON COUNTY SHERIFF'S OFFICE, | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Charles Weinschenk filed this 42 U.S.C. § 1983 action claiming that Defendants violated his rights by committing various criminal acts, including genocide and hate crimes. Dkt. 23. Defendants filed a 12(b)(6) motion for failure to state a claim upon which relief can be granted. Dkt. [25]. For the reasons below, that motion is **GRANTED**.

**I.
Facts and Background**

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Mr. Weinschenk filed the initial complaint on August 12, 2020, dkt. 1, and an amended complaint on December 26, 2020. Dkt. 23. The Court

1

construed the amended complaint as including a motion for leave to amend thus superseding the original complaint. Dkt. 28.

The amended complaint names Dustin Dixon, Community Health Network, and the Hamilton County Sheriff's Office as defendants. Dkt. 23. The Court cannot decipher the allegations in the amended complaint, other than Mr. Weinschenk's reference to a May 7, 2020, incident where the Defendants "failed to properly evaluate complaints by Plaintiff," including complaints of "online harassment . . . with Threat to Life." *Id.* at 3. Mr. Weinschenk alleges violations of 18 U.S.C. § 1091 (genocide) and "[h]ate [c]rimes as Plaintiff[] w[as] targeted based on the surname 'Weinschenk.'" *Id.* He also alleges that the Hamilton County Sheriff's Office and Community Health network "were grossly negligent." *Id.*

Mr. Weinschenk seeks punitive damages, coverage of all court costs, and a jury trial. *Id.* at 4. Defendants have filed a joint motion to dismiss for failure to state a claim for which relief may be granted. Dkt. 25.

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A

facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Under that standard, a plaintiff must provide "some specific facts" that "raise a right to relief above the speculative level." *McCauley*, 671 F.3d at 616 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "The degree of specificity required is not easily quantified, but 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Id.* (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)). Applying the procedural pleading requirements to the applicable substantive law is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 616. *Pro se* complaints such as that filed by Mr. Weinschenk are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616.

### III.
### Analysis

Defendants argue that Mr. Weinschenk's claims are frivolous and fail to state a claim upon which relief may be granted. Dkt. 26 at 1. Mr. Weinschenk

contends that his claims are "simple and transparently non-frivolous." Dkt. 27 at 1.

"To survive a motion to dismiss a § 1983 action, a plaintiff must allege facts which show that the defendants, acting under color of state law, intentionally and unlawfully deprived the plaintiff of a constitutional right." *Anderson v. Simon*, 217 F.3d 472, 475 (7th Cir. 2000). Mr. Weinschenk must "set out in h[is] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim." *Id.* (quoting *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999)); *see also United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."). Construed liberally, the amended complaint does not meet this threshold.

The amended complaint alleges that the Hamilton County Sheriff's Office and Community Health Network "failed to properly evaluate complaints by Plaintiff(s) against the officers, recognize the possibility of an ongoing federal investigation, and deescalate the situation." Dkt. 23 at 3. Mr. Weinschenk also alleges that the "conduct of the parties involved was not inline (sic) with the performance of their duties." *Id.* Mr. Weinschenk refers to a series of unrelated events dating back to 2007, including "Plaintiff being instructed to role play a chicken," "a 20+ year genocide against the Plaintiff by a federal agency," and "[h]ate [c]rimes as Plaintiff[] w[as] targeted based on the surname 'Weinschenk.'" *Id.*

4

These facts, taken as true, do not "give enough details about the subject-matter of the case to present a story that holds together."  *McCauley*, 671 F.3d at 616 (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).  And, while Mr. Weinschenk claims that Defendants violated 18 U.S.C. § 901 (Genocide) and 18 U.S.C. § 241 and § 249 (Hate Crimes), dkt. 23 at 2, those are criminal statutes which do not provide a private cause of action.

Mr. Weinschenk also attached 39 pages of exhibits to his amended complaint.  While the Court may consider documents attached to a complaint, it is Plaintiff's burden to plead a short and plain statement of the claim.  Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).  Here, the exhibits are voluminous, difficult to decipher, and not clearly referred to in support of specific paragraphs of the amended complaint.  Therefore, it would impose an unjustified burden on the Court to review the exhibits in these circumstances.  The Court will not sift through those documents and try to discern their potential relevance at the pleading stage.  *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

Without alleging that any of the defendants "deprived [him] of a constitutional right," Mr. Weinschenk has failed to state a claim under 42 U.S.C. § 1983.  *See Anderson*, 217 F.3d at 475.

# IV.
# Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss, dkt. [25], and Mr. Weinschenk's amended complaint is **DISMISSED without prejudice**, for failure to state a claim upon which relief may be granted.  Mr. Weinschenk shall have **through August 6, 2021**, to amend his complaint or show cause why Judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").  If nothing is filed by that deadline, the dismissal will be granted with prejudice.

**SO ORDERED.**

Date:  7/6/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES WEINSCHENK
20040 Wagon Trail Drive
Noblesville, IN 46060

Bryan Findley
INDIANA ATTORNEY GENERAL
bfindley@cassiday.com

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

Donald B. Kite, Sr.
don.kite@gmail.com

Joseph D. McPike, II
ZEIGLER COHEN & KOCH
jmcpike@zcklaw.com